PRICE, Judge.
Lorando Flowers brought this action, seeking judgment for the balance due of $435.00 on a promissory note executed by C. C. Patton on August 30, 1968. The note is in the principal sum of $450.00, bears 8% interest from maturity and is payable in installments beginning October 1, 1968, with a final installment being due on September 1, 1969. It is alleged by plaintiff that no payment was made other than the one installment of $15.00, on September 15, 1968, thus maturing the entire balance in accordance with the acceleration clause contained in the note.
Defendant in his original answer admitted the execution of the note and filed a reconventional demand in which he makes the following assertions:
First, he alleges that he bought a chicken broiler house from Flowers and that certain items were to be removed from the broiler by Flowers. He alleges-those items were never removed and he has stored them therein and should be reimbursed the sum of $500.00 as a storage charge on the basis of quantum meruit.
Secondly, Patton urges that although the note provides for consecutive monthly installments, he had an understanding that' no suit would be filed on the note prior to September 1, 1969.
In a supplemental and amended answer defendant additionally pleads that there was a failure of consideration for the note as the chicken broiler house sold to him was not located on property belonging to Flowers, and, therefore, being an immovable by nature, belonged to the owner of the land.
After a trial on the merits the district judge rendered judgment in favor of plaintiff as prayed for and rejected defendant’s reconventional demands. Defendant perfected this devolutive appeal.
By his assignment of errors the appellant has limited the issues for review to the ruling of the trial judge that there was a legal and . valid consideration for the note, and the holding of the court that appellant had the burden of proving a disturbance in possession of the thing sold.
The testimony in the record reflects that in March, 1952, Flowers built the chicken broiler house on land belonging to his sister, Mattie Ruth Flowers. Patton lived on a five-acre tract adjacent to the chicken broiler house, having bought this tract from Mattie Ruth Flowers on September 20, 1967. A survey made after suit was filed reflected that 20 feet of the 120 foot length of the structure was situated on the five-acre tract bought by defendant. At or around the time of the transaction between Flowers and himself, Patton was negotiating with Mattie Ruth Flowers for the purchase of an additional acre of land on which it was believed the chicken broiler was situated. The contemplated purchase of the additional acre did not materialize for reasons not explained by the record. Although the defendant testified he thought plaintiff owned the land on which the chicken house was built at the time he purchased it, this testimony is clearly contradicted by that of his wife, who testified that they knew Mattie Ruth Flowers owned the land and had been the owner ever since she could remember.
It is apparent from this evidence that defendant knew at the time of the purchase the house was not on land belonging to Flowers.
We thus have presented the sole issue of whether a building or other structure that *656 would be classified as an immovable by nature under the articles of the Louisiana Civil Code, built by a person on property belonging to another, may be sold by the person constructing same to third parties.
In the case of Ouachita Parish School Board v. Clark, 197 La. 131, 1 So.2d 54, the Louisiana Supreme Court discussed the ownership of property constructed on the property of another thusly:
“When a third person makes improvements on the soil of another, the person making them is the owner of them. But, under the first paragraph of Article 508, the owner of the soil has a right to acquire ownership of them on certain conditions. ‘The owner of the soil has a right to keep them’, says the Code. He does not own them merely because they were built on his soil.” (Page 59, 1 So. 2d at p. 59)
The first paragraph of Article 508 of the Louisiana Civil Code reads:
“When plantations, constructions and works have been made by a third person, and with such person’s own materials, the owner of the soil has a right to keep them or to compel this person to take away or demolish the same.”
The district judge stated in his reasons for judgment that the defendant bargained solely for a chicken broiler and delivery and possession had been made for the consideration agreed on, and the mere fact that defendant could possibly be disturbed in his possession in the future by the owner of the land availing herself of the provisions of Article 508 would not be sufficient to cause a failure of consideration.
We think he was correct in his conclusion based on the facts of this case.
As previously stated herein, we find the evidence to establish that defendant knew at the time of the sale that all or a major portion of the structure was on property which did not belong to plaintiff. It may well be that the purchase of a structure which is an immovable by nature, situated on property not belonging to the vendor, involves certain hazards and uncertainties. However, we know of no prohibition against such a sale under our law.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.